PETERSON TRACTOR CO., A CORPORATION, APPELLANT, v. CAL–WEST EQUIPMENT CO., A CORPORATION, RESPONDENT.

No. 4622

November 15, 1963                    386 P.2d 609

*Sinai & Sinai,* of Reno, Nevada, for Appellant.

*John Tom Ross,* of Carson City, Nevada, and *Carl Kuchman,* of Sacramento, California, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

On October 17, 1960 appellant sold to respondent five used Allis Chalmers scrapers under a conditional sales contract in which the seller retained title to secure payment of the purchase price. As additional security the respondent on October 18, 1960 executed a chattel mortgage on two caterpillar tractors. A year later, after default in payment, appellant with the permission of respondent took possession of the scrapers and tractors.

The conditional sales contract provided that in the event the purchaser is in default in any payment, the seller may take possession of the scrapers, and

"(i) sell said property at public or private sale without notice * * * and Seller, or his assignee, may become a purchaser at said sale * * * or

"(ii) credit the reasonable value of said property as determined by Seller, or his assignee, to all amounts due hereunder and pay any excess over to Purchaser, and in the case of any deficiency, Purchaser agrees to pay the same with interest at the highest rate allowed by law."

The chattel mortgage provided that upon the appellant's (mortgagor's) default under the conditional sales contract the respondent (mortgagee) "may at once proceed to foreclose this mortgage according to law, or it may at its option * * * sell and dispose of the same [mortgaged property] at public or private sale * * * and from the proceeds of sale retain all costs and charges incurred; also all sums due from Mortgagor to Mortgagee and interest thereon * * *; if there be a deficit, Mortgagor agrees immediately to pay the same to Mortgagee.

"Mortgagee, or its agent, may bid and purchase at any sale made under this Mortgage or herein authorized, or at any sale made upon foreclosure of this Mortgage."

Appellant after taking possession of the equipment elected to proceed under said paragraph (ii) with respect to the scrapers. One of its employees appraised the scrapers at $5,000 and credited respondent with said sum as their fair market value. With respect to the tractors, the appellant evaluated them at $4,250 in exactly the same manner it had appraised the scrapers, and credited appellant with this value as so found. The journal entry of both credits was made on October 30, 1961.

This is an action for the balance of the purchase price of the scrapers remaining on the books of appellant after the appraised value of the scrapers and tractors had been credited to respondent's account.

The trial court was of the opinion that the execution of the chattel mortgage as additional security for the buyer's performance under the conditional sales contract converted the entire transaction into a chattel mortgage and that upon appellant's taking possession of the scrapers and tractors and assuming ownership thereof without any sale it forfeited any right it might otherwise have had to sue the buyer for any deficiency.

Judgment was entered for the respondent and appeal is from that judgment.

It is conceded by both parties that if there had been no chattel mortgage this procedure followed by appellant with respect to the scrapers would have been proper under the provisions of the conditional sales contract, and appellant legally could have sued for the resulting deficiency.

It thus becomes necessary to determine in what manner the execution of the chattel mortgage affected the legal rights of the parties.

On October 17, 1960 the conditional sales contract was executed and called for the sale of the scrapers to respondent for the sum of $28,800, the amounts and times of installment payments being specified therein. On the following day in lieu of any down payment the chattel mortgage was executed as additional security. The property covered by the chattel mortgage was entirely different from that which was the subject of the conditional sales contract. Rights under the chattel mortgage never would have matured in the absence of a default under the conditional sales contract. Counsel for respondent admittedly has found no case which holds that a chattel mortgage executed under such circumstances transforms an executed conditional sales contract into a chattel mortgage. In support of his conclusion that such a transformation took place, the learned trial judge cited the case of American Soda Fountain Co. v. Blue, 146 Ala. 682, 40 So. 218. In that case, however, the same property was the subject of both the conditional sale and the chattel mortgage. The

other cases cited are from jurisdictions which have been reluctant to recognize conditional sales contracts. Nevada, however, has recognized conditional sales since 1921, when this court decided the case of Studebaker Bros. Co. v. Witcher, 44 Nev. 442, 195 P. 334. The terms of the contract in that case were identical with those of the sales contract now before us and we held that such a contract was a conditional sale and not a chattel mortgage.

When appellant caused the appraisal of the scrapers and credited respondent's account with the value so determined, title to the scrapers passed to the respondent by virtue of the terms of the conditional sales contract.

In pursuing the same conduct with respect to the tractors, appellant was not following the provisions of the chattel mortgage which required a sale of the tractors to foreclose respondent's interest therein. Although a suit to foreclose is the usual method of proceeding for a sale, it is proper for a chattel mortgage to contain provisions for a sale without suit as provided in the chattel mortgage herein. Cram v. Wells Cargo, Inc., 70 Nev. 19, 253 P.2d 200; Whitmore v. Shiverick, 3 Nev. 288; J. I. Case Threshing Mach. Co. v. Copren Bros., 32 Cal.App. 194, 162 P. 647. The power of sale given in the chattel mortgage must be exercised in accordance with the provisions thereof. There must be an actual sale however. Merely crediting the mortgagor with the estimated value of the property is not a compliance with the power of sale as given. 10 Cal.Jur.2d § 97, at 403. Calling such a transaction a sale does not make it so. Cf. 3 Williston on Sales § 547, at 168. The intention of the parties clearly expressed in the chattel mortgage was that there be an actual sale of the tractors before appellant would be foreclosed of its title thereto.

In the absence of a sale of the tractors, the action of the appellant in treating them as its own property

constituted a conversion by it of the tractors. See Dohrman v. Durston, 90 Cal.App.2d 236, 202 P.2d 607.

In lieu of the amount of the appraised value of the tractors which was credited to respondent's account, the respondent is entitled to be credited with the fair market value of the tractors on the date of the conversion, to wit, October 30, 1961. Harry Saddler, the president of respondent corporation, testified that this value in October 1961 was $8,000, and counsel for appellant stipulated during oral argument that a credit in that amount, rather than the sum of $4,250, would not be objectionable to appellant. The balance due on October 30, 1961 after entering the credit of $4,200 was $16,670. With the credit of $4,200 adjusted to $8,000, the balance due on that date would be $12,870.

The conditional sales contract provides that "in the event Seller or his assignee employs the services of an attorney to enforce any of the terms of this contract Purchaser agrees to pay reasonable attorney's fees and court costs so incurred by Seller or his assignee."

The judgment is reversed and the cause remanded with directions that the lower court enter judgment in favor of appellant and against respondent in the sum of $12,870 plus interest thereon from October 30, 1961 at the rate of 7 percent per annum, together with an attorney fee to be fixed by the lower court and appellant's costs therein.

No costs are allowed on appeal.

BADT, C. J., and THOMPSON, J., concur.