## SUPREME COURT.

ALBERT L. CATLIN agt. CALVIN O. BILLINGS and others.

In an action where two defendants were sued on a joint liability, and one answered and the other made default, and on the trial judgment was taken against both defendants, *held*, that the plaintiff was regular, and that the Code does not require, in such case, an affidavit of no answer having been received from the defendant who made default.

*Held*, also, that where such joint liability exists, the defendant who makes default is liable with the other defendant for the costs of the defence interposed by the latter.

*New-York Special Term, March,* 1857.

MOTION to set aside judgment.

This action was brought in the fall of 1853, to recover the amount of two promissory notes made by Latson, each dated January 4th, 1852, for $407.05, and payable to the order of Fowler & Billings, the one at ten and the other at twenty months after date. The defendants Fowler & Billings were then partners, and the notes were indorsed by Billings, with the firm-name of Fowler & Billings. All the defendants were duly served with the summons and complaint.

Billings never appeared in the action : but the other defendants appeared and answered separately. The case was brought to trial in January last, and a verdict and judgment taken against all of the defendants.

It appears that the issues joined on the answer of Latson and Fowler were tried, and that the damages were, at the same time, assessed as against Billings. But the judgment-roll, as filed, contains no affidavit that Billings has not answered. On the ground of the want of that affidavit, as an irregularity, the defendant Billings now moves to set aside the judgment; and he asks, also, upon the merits, to be permitted to put in an answer, which is presented on this motion, and to go to trial thereon.

E. Person, *for defendant Billings.*
C. Bainbridge Smith, *for plaintiff.*

Birdseye, Justice.   The defendants Fowler & Billings were jointly indebted upon their indorsement of these notes, if they were indebted at all on them.   When sued, as joint debtors, one of them, by failing to appear or answer, admitted that, as to him, the plaintiff was entitled to the judgment asked for. The other put in a defence, which denied that the plaintiff was entitled to a judgment on the joint liability.   Of course, this defence prevented the plaintiff from taking any judgment against either of the debtors, till it should be disposed of by trial.

As both the joint debtors had been served, judgment could not be taken under the 246th section of the Code, taken in connection with the.136th section.

Neither of these sections, in fact, has anything to do with a case like the present.   The only part of either which can be claimed to refer to it is the 3d subdivision of § 136, and that forbids the entry of judgment by default in this case.

It provides that, if all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant, or defendants, if the action had been against them, or any of them alone.   To apply that direction to this case, the indorsement being joint, and not joint and several, if either Fowler or Billings had been sued on it alone, the plaintiff ₒ would not have been entitled to any judgment against him. The non-joinder of the other joint contractor would have been good ground of demurrer to the complaint, and would have formed a fatal objection to the maintenance of the action.  (*See* 5 *How. Pr. Rep.* 413, *per* Parker, J., *Bacon* agt. *Comstock,* 11 *id.* 197 ; *Jacques* agt. *Greenwood,* 1 *Abbott,* 230.)

It was, therefore, the duty of the plaintiff's attorney, in the present case, to proceed with the action against both, until he was ready to take judgment against both, before taking judgment against either.  (*See the same cases.*)

When the issue raised by the answer of the one joint-debtor was disposed of, how was he to obtain and enter up judgment against the other, who had not answered? The Code is silent on that subject, I think. If it speaks at all upon it, it does so in that section (the 469th) which declares that the previously existing rules and practice of the court in civil actions, inconsistent with the Code, are abrogated, but that, when consistent with it, they are to continue in force, subject to the power of the courts to modify them. How far, then, was the previous practice, in regard to taking judgments against joint-debtors, abrogated by the Code; and what is now the practice on that subject?

The plaintiff contends he has nothing to do, but to bring the issue arising on the answer of one joint-debtor to trial; and if the verdict is in his favor, to have the damages assessed against both.

That has been done in this case. He contends that no affidavit would be made of the fact that the other defendant has not answered, and no interlocutory, or intermediate judgment, need be entered.

On the other side, it is contended that as soon as Billings made default in answering, an affidavit of that fact should have been made, and an entry or order made or obtained substantially like the former interlocutory judgment, and that affidavit and order should have been annexed to the copy pleadings furnished to the court at the trial, so as to have resembled the old circuit-roll, and should have been contained in the judgment-roll.

The English practice was, that the plaintiff, when entitled to interlocutory judgment, should sign it upon the roll, with the clerk of judgments. (1 *Tidd's Pr.* 512.) And at the trial, if such a judgment had been previously entered as to some counts of the declaration, and an issue had arisen upon the other part; or, in an action against several defendants, if some of them let judgment go by default, and others plead to issue, it was said that there ought to be a special *venue*, as well to try the issue as to inquire of the damages, *tam ad triandum quam ad inqui-*

*rendum*, and the jury who try the issue shall assess the damages for the whole, or against all the defendants. (2 *Tidd's Pr.* 802, 803 ; 2 *Bos. & P.* 163.)

The practice was the same in this state. (1 *Burrill's Pr.* 372 ; 17 *Johns. R.* 270 ; 6 *Cow.* 599.) And formerly this notice of trial might be given before the entry of interlocutory judgment against the defendant suffering default, yet the interlocutory judgment, as well as the default for not pleading, must have been actually entered, before the cause was brought to trial and the damages assessed, at the circuit. (*See* 2 *Wend.* 624 ; 5 *id.* 106.) By §§ 1 & 3 of chapter 271 of the laws of 1833, (passed soon after these decisions,) the entry of interlocutory judgment was dispensed with, and the only thing required was to enter simply the default for not pleading. This was done merely by filing proof of the service of the copy of declaration and notice to plead, and entering a common rule in the rule-book with the clerk, reciting the filing of such proof, and ordering that the default for not pleading be entered. This machinery of the rule-books and common rules, which was continued in force down to the Code, (*see rule* 65 *of the law-rules of* 1847,) was abolished by the Code.

No substitute was provided for the entry of a default in not pleading. The affidavit of no answer, provided by the Code, (§ 246,) was only to be used in the entry of final judgment. It was not extended to a case like the present.

It may be very proper that such an affidavit be made ; but it was not required in the former practice, and the Code does not prescribe it now. The absence of it cannot be deemed an irregularity.

But if it were, in such a case as the present, it is clear that the plaintiff ought to be permitted, under § 174 of the Code, to supply the defect.

It may not be amiss to remark here, that the last clause of § 244 of the Code seems to be intended as a substitute for, and an abrogation of, the former practice, as to an interlocutory judgment, and assessment of damages upon some counts of the declaration, and an issue of trial as to the others.

Catlin agt. Billings and others.

By the provision, when the answer admits part of the plaintiff's claim to be just, (which was the whole effect of the interlocutory judgment for plaintiff on some counts of the declaration,) the court may, on motion, order the defendant to satisfy that part of the claim, and may enforce the order as it enforces a provisional remedy.

The defendant Billings also moves to be let in to answer on the merits.

He has been in default for not answering upwards of three years: still, even this delay might be excused, if he moved that he had a good defence, and had failed to set it up for some sufficient reason or excuse.

The answer he proposes to put in sets up the defence of usury as to both the notes, and the want of a notice of protest as to one of them. The usury is alleged to have been paid by Latson.

It is not usual, and is rarely proper, to try the question whether there be a defence, upon affidavits. But in the present case, two of the defendants, who must have known all the facts out of which any defences available in the action could arise, and one of whom, Latson, must have been the victim of the alleged usury, have put in answers not merely ignoring the usury, but setting up a state of facts entirely inconsistent with it. And the affidavits on the part of the plaintiff on this motion establish conclusively, that the notes now in suit were given in settlement of a former suit in the New-York common pleas, against Latson, for money lent and for coal sold him: which suit was settled and discontinued, on the eve of trial and on the condition of giving the notes now sued on. If so given, none of the transactions relating to the alleged usury could have taken place.

Under these circumstances it would be, in my judgment, going quite too far to permit the defendant to set up such defences as these, and thereby prolong still further a litigation which has already extended through more than three years.

Doubtless it is unfortunate that the defendant Billings should be subjected to the costs of so long and expensive a litigation.

but I know of no method of severing the costs or the judgment, so as to relieve him, and visit him only with the costs of a simple default. And it is not to be overlooked that he says in his affidavit for this motion, that he relied upon his co-defendant Fowler to defend this suit for him, and for that reason did not himself appear and answer.

Having lain by for the purpose of taking the benefit of Fowler's defence, he cannot well complain of having to bear his share of the expense of it.

Motion denied, with $10 costs.