[Civ. No. 2931. Second Appellate District, Division Two.—August 8, 1919.]

FRED A. KRENWINKEL et al., Respondents, v. JANE LOUISE HENNE et al., Appellants.

[1] MECHANICS' LIENS—ACTION TO FORECLOSE—VARIANCE—FAILURE TO DENY ALLEGATIONS—ESTOPPEL.—Where the defendants in an action to foreclose a mechanic's lien fail to answer and thus put in issue all the material allegations of the complaint, particularly those which set forth the contents of the liens, they are estopped to raise the question of variance between the claim of lien and the proof.

[2] ID.—CLAIM OF LIEN—STATEMENT OF PRICE—REASONABLE VALUE.— Under section 1187 of the Code of Civil Procedure, as amended in 1911, a claim of lien is not required, as before such amendment, to state "the terms, time given and conditions of his contract," but only "the price, if any, agreed upon for the same, and when payable." In the absence of any particular agreement the law fixes the compensation at the reasonable value thereof, and when the lien claimants state in their lien claims that the price agreed upon was a certain definite amount and that this was the reasonable value of such services, they are stating the facts correctly.

[3] ID.—FAILURE TO FILE NOTICE OF COMPLETION—TIME OF ORIGINAL CONTRACTOR TO FILE CLAIM.—Where the owner, with knowledge that improvements are being made on his property although he is not a party to the contract therefor, fails to file a notice of completion, a claim of lien by an original contractor filed after the expiration of the sixty-day period but within ninety days after completion is in time.

[4] ID.—KNOWLEDGE OF IMPROVEMENTS — FAILURE TO GIVE NOTICE — LIABILITY OF OWNER.—One who stands by and sees another improve his property, without putting him on notice, must be held responsible for the value of the improvements. Under such conditions the owner is not an innocent party.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter M. Campbell for Appellants.

G. C. De Garmo and Robert Whitson for Respondents.

THOMAS, J.—These two actions, brought for the foreclosure of mechanics' liens against defendants and appellants, were consolidated in the superior court and tried as one. The liens claimed were for labor done and materials furnished in making certain alterations and improvements in a storeroom in the Henne Building, occupied by Naumann & Schill, Inc., as tenants of the defendants and appellants, who were the owners.

Each lien claimant was an original contractor, and all the work done and materials furnished was at the instance of said tenants, and without the actual knowledge of appellants. The evidence was conflicting as to the knowledge of the employees of R. A. Rowan & Co., as shown and admitted to be the agent of appellant for the collection of rents and care of the building. Each of these respondents, except Suck, filed two claims, the first one in each case being filed within sixty days after completion of their contract, and the second within ninety days after completion, but more than sixty days thereafter. No notice of the completion of any of the work was filed in the recorder's office. Respondent Suck alleged that he was employed by appellants Jane Louise Henne and Jane Louise Henne, as guardian of the person and estate of Christian

4. Knowledge of owner of improvements in process under orders of lessee as "consent" which will subject his interest to mechanics' liens, note, 4 A. L. R. 685.

Statutes giving liens where owner with knowledge of the improvement fails to give notice of nonliability, notes, 23 L. R. A. (N. S.) 618; L. R. A. 1917D, 584.

Henne, a minor, through their agent, Naumann & Schill, Inc., to do certain work and to furnish certain materials. Appellants, by their joint answer to each complaint, deny specifically any knowledge upon their part of any of said alterations or improvements until the completion thereof, and deny, for lack of information or belief, the allegations with reference to the contract for the work and performance thereof. Naumann & Schill, Inc., allowed default to be taken against it.

Upon the consolidation of the cases as aforesaid, the trial of the issues thus presented was had, and the court found in favor of the plaintiffs and respondents here. Findings were thereafter filed, and judgment entered foreclosing the liens. The defendants, appellants here, appeal "from so much of the judgment entered in the above-entitled consolidated actions on the eleventh day of March, 1916, as affects in any manner the interests of the said defendants, and of each of them, in and to the real property described therein, and, particularly, from so much of said judgment as enforces liens in behalf of each of said plaintiffs against said real property and against the interests of each of these defendants therein."

Appellants urge the following points of law as bases for the reversal of the said judgment: That the court erred (1) in admitting in evidence the claims of lien because of a variance between the claims of lien and the allegations of the complaint and the testimony offered in support thereof, in that the claims of lien state an agreed price for the work, etc., whereas, as alleged and proven and found by the court, no price for the work was agreed upon; (2) in admitting in evidence the second claims of lien in said cases, because the same were recorded more than sixty days after the completion of the work; and (3) in admitting in evidence the claim of lien of respondent Suck, because of a material variance between the statement of the claim of lien to the effect that the work was done by and for the appellants, whereas the allegations of the complaint and the evidence offered in support thereof are to the effect that the work was done for Naumann & Schill, Inc., a tenant of appellants. These may be narrowed down to two points: (1) error of the court in the admission of evidence, and (2) a material variance between the allegations and the proof. We are unable to agree with appellants on the points raised, or either of them.

[1]  As to the latter contention, we think the appellants, having failed to answer and thus put in issue all the material allegations of the complaint, particularly those which set forth the contents of the liens, and by such failure having admitted the truth of the allegations, are estopped to raise the question of variance between the claim of lien and the proof.  By such failure the appellants, as a matter of law, admitted that respondents' liens contained a statement of the terms, time given and conditions of the contract entered into between plaintiffs and said Naumann & Schill, Inc., and the claims of lien introduced, therefore, are not vulnerable to the objection that they are at variance with the proof.  This applies to all respondents.

In the first claims of lien filed by respondents it was stated that the contract was agreed upon and was payable upon the completion of the contract, while in the second it was stated that there was no contract price, and that the reasonable price was being charged for the work done.  Appellants contend that this constitutes a fatal variance.  But does it?  [2]  Respondents admit that such would be the case under section 1187 of the Code of Civil Procedure as it formerly read, but not as amended in 1911.  Respondents contend, and we think correctly so, that "before being amended the section required the lien claimant to state 'the terms, time given and conditions of his contract,' but in 1911 the legislature amended this section by providing that the lien should contain a statement of 'the price, if any, agreed upon for the same, and when payable, and of the work agreed to be done, and when the same was to be done, if agreed upon.'  It is apparent that the legislature by this amendment was seeking to simplify the preparation of claims of lien and to relieve the lien claimant of the burden of setting out the nature and terms of the contract under which he was employed on the building, and requiring instead a statement of the price he was to receive for his work.  In the absence of any particular agreement the law fixes the compensation at the reasonable value thereof, and when respondents stated in their lien claims that the price agreed upon was a certain definite amount and that this was the reasonable value of such services, they were stating the facts correctly.  There is a wide difference between a statement of the 'terms, time given and conditions' of a contract and the

'price.' " Appellants admit that the claims of lien first filed were filed in time. As to them the only point urged was that of variance. This objection has now been ruled upon. The contention is without merit. (*Jarvis* v. *Frey,* 175 Cal. 687, [166 Pac. 997].)

[3] This, therefore, brings for our consideration the claims of lien filed after the sixty-days period, but within ninety days after the completion, which are admitted to be in due form, but which appellants claim were not filed within time. So far as this point is concerned, sections 1187 and 1192 of the Code of Civil Procedure, we think, control. These sections must be read together. When so read and construed, is there any room for doubt as to the intent of the legislature? We think not. In our opinion there is no question of knowledge by the "owner" before us for decision. The court finds as a fact "that all of the work described in plaintiffs' complaints and hereinafter described was done by and with the knowledge, consent and permission of the defendants herein." This finding is not attacked. There is no question, then, that the evidence supports the finding. [4] Hence, in the light of the two sections above referred to, and the record before us, we think that one who stands by and sees another improve his property, without putting him on notice, must be held responsible for the value of such improvements. Under such conditions the owner is not an innocent party. There is no principle or authority, we think, for the contention of appellants that the terms "owner" or "reputed owner" refer to anything but the owner of the fee. To vitalize appellants' contention here would be to make the court vulnerable to the charge of being guilty of having enacted "judicial legislation"—the reading into the act of something entirely foreign to the minds of the legislators at the time the said statutes were enacted.

Respondents ask: "Under these conditions, why should one who has contributed his labor toward the construction of a building, at the request of one whom he possibly believes to be the owner, be entitled to only sixty days as to the owner, and ninety days as to the reputed owner, for filing his lien?" Is not the answer obvious? Section 1192, *supra,* places the noncontracting owner in the position of a party to the contract, in that it creates a conclusive presumption that the

work was done at his instance and request. This works no hardship upon him, as he must be advised as to what is being done in the way of improving his property before the presumption arises. Appellants argue: "Manifestly, then, the owners could not be expected to file a notice of completion. Nor could they be estopped by a state of facts of which they knew nothing." We question the soundness of this argument, as it seems to us obvious that if the owners knew nothing of the improvements their interests could not be subject to lien. In view of the court's finding that the work was done, as already set forth, and no notice of completion having been filed, respondents would have ninety days within which to file their claims. It follows, then, that the second claims for liens, filed by respondents, were filed within the statutory time.

The judgment is affirmed.

Finlayson, P. J., and Sloane, J., concurred.