WILLIAM E. NATHAN, Respondent, v. HARRY ZIERLER, Appellant, Impleaded with MAX C. EAGLE, Defendant.

Third Department, April 5, 1928.

Judgments — default judgment — complaint alleged cause of action against defendants as copartners — appellant defaulted in answering and judgment was taken against him — judgment was erroneously taken — plaintiff's remedy under Rules of Civil Practice, rules 103, 113, is to move to strike out answer or for summary judgment.

Plaintiff brought this action to recover for goods sold and delivered to the defendants and alleged that the obligation was incurred by the defendants as copartners. The appellant defaulted in answering and judgment was taken against him although the other defendant answered.

The judgment is set aside, since it appears that the obligation is joint, and a joint obligation cannot be severed and judgment taken against one of the obligees. If the defense interposed by the other defendant is valid and is sustained, then the obligation being joint, plaintiff would not be entitled to a judgment against the partner who defaulted in answering.

Plaintiff's remedy, if any, is to move to strike out the answer as sham or for summary judgment under rules 103 and 113 of the Rules of Civil Practice.

APPEAL by the defendant, Harry Zierler, from an order of the County Court of the county of Ulster, entered in the office of the clerk of said county on the 12th day of December, 1927.

*Ellsworth Baker,* for the appellant.

*Manuel Dittenheimer,* for the respondent.

PER CURIAM. The plaintiff brought this action against the defendants to recover for goods sold and delivered to them, alleging that defendants were copartners. The defendant Zierler made default in answering; defendant Eagle interposed an answer admitting the copartnership but denying on information and belief all other allegations of the complaint. Plaintiff entered judgment on default against Zierler and issued execution. The latter moved to set aside the judgment. The motion was denied and he has appealed.

The order must be reversed. If the obligation was several the action might have been severed and judgment entered against one and the action continued against the other. (Civ. Prac. Act, §§ 96, 475.) There was no authority to enter judgment against one without severance, and no application was made for such relief. If made it would have been unavailing in this case, for the obligation was joint. (Partnership Law, § 26, subd. 2; *Seligman* v. *Friedlander,* 199 N. Y. 373.) Where the complaint alleges

that two or more defendants are jointly indebted upon a contract obligation if the summons is served upon one or more but not upon all the plaintiff may proceed against those served with process, unless the court otherwise directs, and final judgment, if recovered, may be taken against all defendants there jointly indebted. (Civ. Prac. Act, § 1197.) These provisions seem to measure the authority of a plaintiff to enter judgment against one of several defendants joined in the action. If the defense interposed by the defendant Eagle was sustained, then the obligation being joint, plaintiff would not be entitled to judgment against the partner in default. Until the validity of the defense is determined judgment cannot be entered against the defendant in default. (*Catlin* v. *Latson,* 4 Abb. Pr. 248.)

We think the plaintiff has mistaken his remedy. If he has a valid claim, he should move to strike out the answer as sham or for summary judgment. (Rules Civ. Prac. rules 103, 113.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion to vacate the judgment granted, with ten dollars costs.

Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion to vacate the judgment granted, with ten dollars costs.