Sidney A. Fine, J.
Defendant, Salkin, moves for an order requiring plaintiff to serve an amended complaint in which each distinct cause of action shall be separately stated and numbered and in which various allegations of the present pleading shall be made more definite and certain. In addition, the movant asks that other allegations of the instant complaint be omitted therefrom as irrelevant, redundant, unnecessary and prejudicial.
The first cause of action combines allegations that Salkin induced plaintiff, by false representations, to make him trustee of a trust for plaintiff’s benefit (pars. Eighteenth to Twentieth) with others which charge Salkin with wrongdoing while acting as such trustee. The allegations relating to the false representations make out a case for rescission of the trust indenture and are wholly irrelevant to the other averments of the first cause, which purport to establish a cause based upon breaches of trust. It is clear that two distinct causes of action are pleaded as one. It is true that the fourth cause of action, against all six defendants, also contains allegations that plaintiff was induced by fraud to sign the trust indenture making Salkin his trustee, as well as various other documents. The fourth cause of action, in addition to repeating (by reference) the allegations of paragraphs Eighteenth to Twentieth, makes charges of other false representations (par. Sixty-second) not only by Salkin, but also by defendant Sack. The fourth cause is asserted against all six defendants, on the theory that the false representations to plaintiff were made pursuant to a conspiracy between all of them. The existence of the fourth cause of action, in which a case for rescission is sought to be established, does not, however, excuse the combination, in the first cause of action, of allegations relating to the fraudulent inception of the trust with others charging violations of the trust after its creation.
The first cause of action also contains allegations which are wholly immaterial and irrelevant thereto, and which constitute additional causes of action. For example, subdivision (k) of paragraph Twenty-fourth charges Salkin with having maliciously induced defendant, Sack, to violate the latter’s duties under a trust deed in which plaintiff made Sack his trustee. These allegations have no proper place in the first cause of action, which deals with the trust to Salkin. They are relevant only to a separate cause of action against Salkin for tortious conduct, unrelated to his trusteeship for plaintiff. Again, in subdivision (o), Salkin is charged with having participated in conduct damaging to plaintiff, not as beneficiary of the Salkin trust, but rather as one of the tenants in common of certain real estate which *245 was not an asset of the trust (“upon terms and conditions inequitable to the joint owners thereof ”). This charge against Salkin has no connection with his trusteeship for plaintiff and should be pleaded as a separate cause of action.
The second cause of action, against Sack (attacked on a companion motion by Sack) similarly combines a number of separate causes of action within the compass of what purports to be a single cause. Allegations as to fraud inducing the making of the trust indenture are joined with others charging violations of the trust after its creation. In addition, there are allegations (1) of conduct by Sack claimed to be detrimental to plaintiff’s tenancy in common in real property unrelated to the trust (Thirty-seventh, subd. [n]), and (2) of other tortious conduct on Sack’s part, consisting of his malicious inducement of breaches by Salkin of his duties to plaintiff under the trust to Salkin (subd. [j]).
The third cause of action contains a repetition, by reference, of virtually all of the allegations of the first and second causes. This results in a violation of the requirement that each cause of action be separately stated and numbered, and is improper.
The fourth and fifth causes of action are subject to the same criticism, viz: that prior causes of action have been repeated, as part thereof, in their entirety. The fifth cause is not asserted against Salkin, but is attacked upon a companion motion by other defendants.
The present complaint is deficient in other respects. Many, if not most, of its allegations are so conclusory, vague, and indefinite that the least that the defendant is entitled to, for his proper protection, is that they be made more definite and certain. Since plaintiff’s failure to separately state and number distinct causes of action requires the service of an amended complaint, it will suffice to give a few illustrations of the conclusory and indefinite nature of many of the allegations of the present pleading. Paragraph Twenty-first alleges that Salkin entered into an agreement which ‘' contains diverse material provisions damaging to plaintiff’s interest in Presto and preferential to the conflicting interests being simultaneously represented by” Salkin. These bare conclusions are not supported by any ultimate facts, nor does the pleader attempt to indicate in what respect the provisions were detrimental to plaintiff or preferential to the other interests. Paragraph Twenty-second charges Salkin with having preferred and favored said “ conflicting interests ’ ’ and with having engaged in transactions in conflict with plaintiff’s interest. Here, again, it does not appear what the transaction^ were or in what respect they were harmful to *246 plaintiff or preferential to interests conflicting with that of plaintiff. As already noted, almost every allegation of the complaint suffers from the same failure to elaborate upon the broad, general charges that Salkin was guilty of conduct harmful to plaintiff, preferential to interests conflicting with those of plaintiff, and violative of Salkin’s duties as trustee. No useful purpose would be served by analyzing all the instances of this in the 32-page complaint, consisting of 71 paragraphs.
The motion is granted to the extent of directing plaintiff, within 10 days from the service of a copy of this order with notice of entry, to serve an amended complaint, in which each distinct cause of action shall be separately stated and numbered, and in which the conelusory, vague and indefinite charges made in the present pleading shall be made more definite and certain.