Charles Lambiase, J.
Defendant, Frank S. Kenyon, above named, has moved this court “ for an order setting aside the final judgment entered in the above-entitled action on the 12th day of September, 1960 in the office of the County Clerk of the County of Cayuga in favor of the plaintiff and against the defendant Frank S. Kenyon for the sum of $8,073.19 on the ground that said judgment was not properly taken against the defendant Frank S. Kenyon because the claim on which the judgment was based was a partnership obligation of both defendants, and because the defendant William H. Bush had interposed an answer in the above action making it improper *71 for a default judgment to be taken against the defendant Frank S. Kenyon;
‘1 and the moving party will ask for such other and further relief as to the Court may seem just and proper.”
Plaintiff commenced an action against the defendants, a copartnership doing business as Grandview Poultry Farm. The defendant, William H. Bush, appeared and interposed an answer denying the allegations of the plaintiff’s complaint. Defendant, Frank S. Kenyon, defaulted in appearance and in pleading. An order was granted by Justice Charles B. Brasser, of this court on September 12, 1960 directing judgment by default against the defendant Frank S. Kenyon.
It is the position of the defendant Kenyon that the defendants were sued as partners; that their obligation, if any, was joint; and that the plaintiff improperly took the default judgment inasmuch as one of the defendant partners had filed an answer raising an issue or issues which, at the time of the taking of the default, remained unresolved.
‘1 In an action against a partnership, a judgment in favor of the plaintiff is required to be against all of the defendant members of the partnership, although but one was served, and the judgment should provide that it is to be enforced only against joint partnership property and the separate property of the individual defendant served. And if a defendant in such case defaults, judgment cannot be entered against the defendant in default until the validity of the defense is determined; for if the defense interposed by the defendant appearing is sustained, then the plaintiff would not be entitled to judgment against the party in default.” (7 Carmody-Wait, New York Practice, p. 226; Nathan v. Zierler, 223 App. Div. 355.) Plaintiff’s attorney, while admitting this general rule, urges in effect that it does not apply “ where one or more partners are dead, insolvent or outside the jurisdiction of the Court.” We believe the general rule first above set forth to be applicable herein.
If partners are sought to be held as defendants, sued in their own names on a joint liability as partners, all must be joined as defendants unless one of them is bankrupt, dead, or outside the jurisdiction of the court. (19 Carmody-Wait, New York Practice, pp. 494-495, 585; Third Nat. Bank of St. Louis v. Graham, 174 App. Div. 503.) It does not appear that the defendant Kenyon was bankrupt, even though he may have bben in financial difficulties.
In the light of the foregoing and of subdivision 2 of section 26 of the Partnership Law, the motion must be and hereby is granted.
*72 Upon the argument it was requested by plaintiff that if this motion of the defendant Kenyon be granted, the complaint in a subsequent action brought by the plaintiff against the defendant, Frank S. Kenyon, be amended so as to show transfer of property in fraud of creditors. While there was no formal motion for said relief before us, and we do not have the exact language of the proposed amendment, it is our recollection that one of the defendant’s attorneys, Joseph E. Lynch, Esq., stipulated in open court that he did not oppose the granting of such relief by way of amendment.
We requested, and we have received, a letter dated April 19, 1961 from James S. McAskill, one of the attorneys for the plaintiff, on this subject from which letter we quote in pertinent part: ‘ ‘ On the oral argument, we moved for an order permitting us to serve an amended complaint in a subsequent action brought by Spencer Kellogg against the defendant, Kenyon, to set aside a conveyance of real property as in fraud of creditors, in the event that the defendant’s motion to vacate the judgment in the present action was granted. You will recall that attorney Lynch stipulated in open court before you that he did not oppose this motion.”
In the light of the foregoing, and defendant’s counsel not opposing, the motion of the plaintiff for the aforesaid amendment is hereby granted.
Plaintiff may, therefore, have 20 days from the date hereof within which to serve an amended complaint, and defendant may have an equal period of time after service upon him of said amended complaint within which to answer or otherwise move with reference thereto.