Robert V. Santangelo, J.
Defendants, M. Mitchell and J. B. Mitchell, move to dismiss the first cause of action and for other relief.
In the complaint, plaintiff alleges for the first cause of action that said defendants were limited partners who allegedly did not contribute their capital shares to the limited partnership. Plaintiff is a creditor of the limited partnersMp.
*880 Section 90 of the Partnership Law provides in part as follows: “ The limited partners as such shall not be bound by the obligations of the partnership. ’ ’
Paragraphs (a) and (b) of subdivision (1) of section 106 of the Partnership Law provide in part as follows :
“ (1) A limited partner is liable to the partnership
“ (a) For the difference between his contribution as actually made and that stated in the certificate as having been made, and
“ (b) For any unpaid contribution which he agreed in the certificate to make in the future at the time and on the conditions stated in the certificate.” (Emphasis supplied by the court.)
Paragraphs (a) and (b) of subdivision (1) of section 106 of the Partnership Law do not provide for any liability of the limited partners to a creditor of the limited partnership.
Section 90 of the Partnership Law specifically provides that the limited partner is not liable for the debts of the limited partnership.
Accordingly, the first cause of action does not state facts sufficient to constitute a cause of action against said defendants. Only the limited partnership, not the creditor of said partnership, can institute an action against the limited partners for a violation of paragraphs (a) and (b) of subdivision 1 of section 106 of the Partnership Law. The construction of the Partnership Law as claimed by plaintiff in plaintiff’s memorandum of law does not apply to limited partnership.
Plaintiff practically concedes that Gf. Wesson is an indispensable party to the second cause of action.
Subdivision 2 of section 26 of the Partnership Law provides in part as follows: “All partners are liable * * * 2. Jointly for all other debts and obligations of the partnership ”.
Subdivision (1) of section 98 of the Partnership Law provides in part as follows: (1) A general partner shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners ”.
In Friedman v. Gettner (6 A D 2d 647, affd. without opinion 7 N Y 2d 764) the Appellate Division held that subdivision 2 of section 26 and subdivision (1) of section 98 of the Partnership Law should be construed together. Thus, any action by a creditor against the limited partners should include the general partner.
Partners against whom a cause of action has accrued jointly are indispensable, and this rule includes partners jointly liable on a contract obligation (see 2 Carmody-Wait, New York Practice, § 46, p. 578 and the cases cited in the footnotes; 19 Carmody *881 Wait, New York Practice, § 5, pp. 49L-496; § 1, p. 585 and the cases cited in the footnotes; Spencer Kellogg & Sons v. Bush, 31 Misc 2d 70).
Although Gr. Wesson, the general partner, is a defendant in the action, he has not been included as a defendant in the second cause of action. Gr. Wesson is an indispensable party to the second cause of action.
Section 96 of the Partnership Law provides as follows: “A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business.”
Plaintiff’s second cause of action is based upon section 96 of the Partnership Law. Paragraph 10 of the complaint merely contains conclusory statements without any ultimate facts being pleaded. Accordingly, the plaintiff has not adequately pleaded the second cause of action (cf. Lipin v. Salkin, 10 Misc 2d 243; North Amer. Steel Co. v. Lefkowitz, 17 Misc 2d 284).
As to plaintiff’s failure to comply with rule 93 of the Rules of Civil Practice plaintiff concedes a violation of said rule.
Accordingly, the motion to dismiss the first cause of action against the defendants, M. Mitchell and J. B. Mitchell, is granted, and the first cause of action is dismissed against the moving defendants; the first cause of action is deemed severed as to the remaining defendants.
The balance of the relief is granted as prayed for by the moving defendants; as to the balance of the relief, plaintiff is given leave to serve an amended complaint in compliance with the aforesaid decision within 20 days from service of this order with notice of entry.