[Civ. No. 22291. First Dist., Div. Two. Dec. 21, 1965.]

HALSPAR, INC., Plaintiff and Appellant, v. EMIL LA BARTHE et al., Defendants and Respondents.

Burnstein & Abramovitz, Robert C. Burnstein and Sandra J. Shapiro for Plaintiff and Appellant.

Pierre A. Fontaine, Lillick, Geary, Wheat, Adams & Charles and Robert R. Vayssie for Defendants and Respondents.

TAYLOR, J.—On this appeal from a judgment entered pursuant to section 631.8 of the Code of Civil Procedure, the only question presented is whether the trial court properly concluded that plaintiff's mechanic's lien was invalid because plaintiff failed to give the requisite statutory prelien notice (Code Civ. Proc., § 1193) to defendants, the owners of the real property. Plaintiff corporation argues that it is exempt from the statutory notice requirement as an original contractor because defendants had actual knowledge of the work performed.

The facts are not in dispute. Plaintiff, Halspar, Inc., a licensed general contractor, contracted with defendants' lessee, Best Music, Inc. (hereafter referred to as Best) for the construction of certain improvements on a parcel of real property then occupied by Best under a lease from defendants. Plaintiff completed the improvements between July 15, 1961, and January 22, 1962. Best paid $16,990.13 of the contract price of $29,973.82, leaving an unpaid balance of $12,983.69. On April 6, 1962, plaintiff filed a claim of lien against the parcel of real property. About April 4, 1962, a creditor's involuntary petition in bankruptcy was filed against Best. Plaintiff did not give defendants the written prelien notice required by section 1193 of the Code of Civil Procedure. Defendants had actual knowledge of the work, labor and materials being furnished to their lessee by plain-

tiff and did not file a notice of nonresponsibility (Code Civ. Proc., § 1183.1).

The pertinent portion of section 1193 of the Code of Civil Procedure provides that "Except one under direct contract with the owner or one performing actual labor for wages, every person who furnishes labor, service, equipment or material" for which a lien otherwise can be claimed pursuant to the mechanics' lien statutes must, as a prerequisite to the validity of any claim of lien subsequently filed, give a written notice as prescribed by the statute to the owner not later than 15 days prior to the filing of the lien (Code Civ. Proc., § 1193).

The pertinent portion of section 1183.1 of the Code of Civil Procedure, however, provides that every improvement constructed with the knowledge of the owner shall be held to have been constructed at the instance of the owner subject to any lien filed in accordance with the provisions of the mechanics' lien statute unless the owner shall give the statutory notice of nonresponsibility within 10 days after he has obtained knowledge of the improvement.

■ The section provides a mode by which the owner may exempt his interest from liability for any alterations made by his lessee or any other person without his consent. ■ This provision is for the benefit of the owner and he must avail himself of it or otherwise, according to its terms, his interest will be liable for the lien (*Pacific Sash & Door Co. v. Bumiller*, 162 Cal. 664, 667 [124 P. 230, 41 L.R.A. N.S. 296]). ■ The basis of the section is estoppel (*Nolte v. Smith*, 189 Cal.App.2d 140 [11 Cal.Rptr. 261, 87 A.L.R.2d 996]). ■ The noncontracting owner is placed in the position of a party to the contract by the conclusive presumption that the work was done at his instance and request. This is no hardship on the owner since he must have knowledge of what is being done to his property before the presumption arises (*Krenwinkel v. Henne*, 42 Cal.App. 580, 584-585 [183 P. 957]).

■ On application of the conclusive presumption here, the contract of plaintiff with defendants' lessee became the contract of defendants after their admitted knowledge of the improvements and failure to give the notice of nonresponsibility required by section 1183.1, subdivision (b). It follows that plaintiff is "under direct contract with the owner" and, therefore, falls within one of the express exceptions of

section 1193, and consequently was not required to give the notice therein prescribed.

This result is entirely logical as the statutory presumption of section 1183.1, subdivision (b), applies only if the owner has knowledge of the work being done and takes no action to exempt himself from it. Thus the owner is already in possession of the type of information otherwise provided by the prelien notice of section 1193. The purpose of that section is to advise the owner even before a claim of lien is recorded that his property may be subjected to a lien arising out of a contract to which he is not a party (*Wand Corp.* v. *San Gabriel Valley Lbr. Co.*, 236 Cal.App.2d 855, 858 [46 Cal.Rptr. 486]).

The judgment is reversed.

Shoemaker, P. J., and Agee, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 16, 1966.