DIAMOND NATIONAL CORPORATION, APPELLANT, v. THUNDERBIRD HOTEL, INC., THUNDERBIRD HOTEL, JACK LANE AND JOE WELLS, FORMERLY DBA THUNDERBIRD HOTEL COMPANY, RESPONDENTS.

No. 5690

April 30, 1969                                    454 P.2d 13

*Breeze & Breeze,* of Las Vegas, for Appellant.

*Galane & Wines, Jones & Jones,* of Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

The respondents' motion to dismiss was granted by the trial court because the appellant had failed to file a claim or action against the persons or estates of the deceased partners before its complaint was filed against the surviving partners of the Thunderbird Hotel Company.

A judgment was thereafter entered against the appellant (the plaintiff below) and for the respondents (the defendants below). It is from that order and judgment that this appeal is taken.

On August 25, 1962, the appellant entered into a contract with the Thunderbird Hotel, also known as the Thunderbird Hotel Company, a partnership, for the delivery of three million books of matches. At that time the partners were Jack Lane, Joe Wells, James Schuyler and William Deer.

On December 7, 1965, a complaint was filed against the Thunderbird Hotel Company, a Nevada corporation, alleging it owed the appellant $937.50 for goods sold and delivered,

and $8,236.50 for goods produced under the contract but not shipped. On April 5, 1966, the complaint was amended to name the respondents herein as defendants. Process was served only on Joe Wells, and on July 15, 1966, he answered and denied the allegations in the complaint and set up certain affirmative defenses. On October 24, 1967, the Bank of Las Vegas, executor of the estate of Joe Wells, deceased, was substituted in the case.

On January 24, 1968, the respondents filed a motion to dismiss. In that motion it was alleged that on or about January 8, 1964, James Schuyler died testate, that notice to creditors was given and the appellant did not file a creditor's claim, and that on or about April 7, 1965, William Deer died testate. Notice to creditors was given and the appellant did not file a creditor's claim.

The motion to dismiss was made on the grounds that: "A partnership obligation is, unless a partner enters a separate obligation to perform a partnership contract, a joint obligation in a joint and severally [sic] obligation, the action must run against all partners and judgment must be against all partners jointly, or none of them, save and except when a partner has a defense personal to himself, such as bankruptcy or infancy.

"The obligation is joint and the judgment must run against all partners and it cannot in this instance since the plaintiff neglected to file a claim against the estate of SCHUYLER and the estate of DEER and that claim is barred. (Citation omitted.) The plaintiff has therefore, dismissed two of the partners and cannot proceed against the others."

In entering its order granting the motion to dismiss, the trial court said: "[I]t appearing that the action was filed against the partners surviving at the time of the filing of this action and not against the persons or the estates of the deceased partners and the omission of these partners having resulted in a dismissal as to those partners; and it appearing that a partnership is not terminated until the winding up of the affairs of the partnership is completed (NRS 87.300);

"IT IS THEREFORE ORDERED that the motion to dismiss be and the same is hereby granted, and IT IS ORDERED that judgment be entered against the plaintiff and for the defendants, together with the costs incurred herein."

From that judgment the Diamond National Corporation appeals and contends that the trial court erred when it granted the motion to dismiss and entered judgment for the respondents and against the appellant. We agree.

NRS 87.150[1] and NRS 14.060[2] read together are clearly dispositive of this case. NRS 87.150 delineates the nature of a partner's liability. NRS 14.060 sets forth the precise avenue whereby a plaintiff may proceed to judgment and how the judgment may be enforced in a situation similar to the one before us, where an action is brought against two or more defendants jointly indebted on a contract, and the summons is served on one or more, but not all of the defendants.

In an action against a partnership, service of process upon one of the partners is sufficient to confer jurisdiction upon the court to render a judgment against the partnership. NRS 14.060; Whitmore v. Shiverick, 3 Nev. 288 (1867); Spencer Kellogg & Sons, Inc. v. Bush, 219 N.Y.S.2d 453 (1961); Southard v. Oil Equipment Corporation, 296 P.2d 780 (Okla. 1956).

In this case, jurisdiction attached pursuant to NRS 14.060 when process was served on Joe Wells, and the appellant was from that point forward entitled to proceed against the partnership entity through Joe Wells, against Joe Wells personally, and subsequently against his executor.

In Whitmore v. Shiverick, supra, this court in construing section 32 of the practice act (the verbatim predecessor of NRS 14.060) affirmed the judgment of the trial court where the suit was commenced against four partners of the firm; only one was served, and judgment was entered against him personally and against the partnership entity. There it was said: "The judgment, so far as it is a complete judgment, is only against

[1]NRS 87.150: "All partners are liable:

"1. Jointly and severally for everything chargeable to the partnership under NRS 87.130 and 87.140.

"2. Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

[2]NRS 14.060: "Where the action is against two or more defendants, and the summons is served on one or more but not on all of them, the plaintiff may proceed as follows:

"1. If the action be against the defendants jointly indebted upon a contract, he may proceed against the defendant served, unless the court otherwise directs; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendant served; or,

"2. If the action be against defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants."

Sperry. So far as it affects the joint property it only reaches it through Sperry as one of the members of the firm of Sperry & Co. The execution could only be levied on the individual property of Sperry, and the joint property of the company which he represented."

Here the appellant is entitled to proceed to judgment, and if successful, may first execute against the partnership property, but in the event that property proves insufficient to satisfy the debt it may execute against the separate property of the estate of Joe Wells, deceased, unless some personal defense is available to the estate.

In Spencer Kellogg & Sons, Inc. v. Bush, supra, that court deciding the case under N.Y. Partnership Law § 26 (McKinney 48), (which is identical to NRS 87.150 and the Uniform Partnership Act § 15), adopted the rule in actions against partnerships that all partners must be joined as defendants unless one of them is bankrupt, dead, or outside the jurisdiction of the court; a judgment in favor of the plaintiff is required to be against all the defendant members of the partnership even though but one was served, and the judgment should provide that it is to be enforced only against joint partnership property and the separate property of the individual defendant served.

In the light of NRS 87.150 and NRS 14.060, we adopt the rule set forth in the *Spencer Kellogg* case.

The respondents rely on Balley v. Davis, 267 P.2d 631 (Idaho 1954), to support their position. That case is inapposite. There the court held that where a default judgment was taken against one partner and two other partners answered and procured dismissal of the action, that the prior default judgment taken against the other partner must be set aside because the partnership obligation was joint and not joint and several; that the suit must run against all the partners, and any judgment must be entered against all the partners jointly or against none of them save and except where one partner has a defense personal to himself. The rule enunciated in that case is proper when applied to those facts, but it has no application in the case before us.

If one joint debtor defaults, no separate judgment may be entered against him, since the remaining joint debtors have the right to defend for all of them. Chippewa Credit Corp. v.

Strozewski, 19 N.Y.S.2d 457 (1940). If the action continues against the defending debtors and the plaintiff is unsuccessful he may not at a subsequent time obtain a judgment against the debtor who defaulted because the obligation is only joint. Nathan v. Zierler, 228 N.Y.S. 170 (1928).

The order granting the respondents' motion to dismiss and the judgment of the trial court are reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.