**In the Matter of Fred L. STANFIELD, an individual, and Fred L. Stanfield Construction Co., a partnership, Debtors.**

**FRED L. STANFIELD CONSTRUCTION CO., Plaintiff,**

**v.**

**STEARNS CORPORATION OF NEVADA, a Nevada Corporation; Truckee Meadows Development Co., a Nevada limited partnership; Phillip A. Stearns, individually; Black and White, a corporation; Red and White, a partnership; and Doe's I–V; Defendants.**

**Bankruptcy No. 79–00445.**
**Adversary No. 80–0001.**

United States Bankruptcy Court,
D. Nevada.

Sept. 26, 1980.

---

Henderson, Nelson & Moschetti by Timothy J. Henderson, Reno, Nev., for debtor-plaintiff.

Durney, Guinan & Brennan by David J. Guinan, Reno, Nev., for defendants.

IN PROCEEDINGS FOR REORGANIZATION UNDER CHAPTER 11

OPINION AND DECISION ON DEFENDANTS' MOTIONS AT THE CLOSE OF PLAINTIFF'S CASE IN CHIEF

BURT M. GOLDWATER, Bankruptcy Judge.

Plaintiff's complaint is against the owner of property, Truckee Meadows Development Co., a general partnership, the general construction contractor on the property, Stearns Corporation of Nevada, a corporation, and Phillip A. Stearns, individually. Stearns is president of the general contractor and general partner of Stearns Properties, a limited partnership which is one of the two limited partner joint venturers comprising Truckee Meadows Development Co. The other joint venturer is Truckee Meadows Developers, a Nevada limited partnership in which Valley Ranch Company, a Nevada corporation is general partner. Charles G. Schlegel is president of the general partner, Valley Ranch Company, a corporation.

The complaint alleges two claims for relief:

1.  For foreclosure of a mechanic's lien on the property of the owner.

2.  For recovery of the reasonable value of work against the contractor and owner.

In late 1978, plaintiff entered into several subcontracts for work and materials on the owner's project known as Silver State Condominiums in Sparks, Nevada. All subcontracts were directly with the corporate contractor, Stearns Corporation of Nevada.

Stearns Properties sold its interest in Truckee Meadows Development Co. on November 18, 1978 (Ex. 7). Plaintiff's lien was recorded in October 1979. The sale agreement provided that Stearns Properties retained managing partner's rights as "set out in the joint venture agreement" (Ex. 5) until paid.

Plaintiff has filed a motion to permit the submission in evidence on his case in chief of a number of copies of notices of completion recorded by the County Recorder of Washoe County. Each of the notices of completion is signed by Phillip A. Stearns on behalf of Truckee Meadows Development Company and bears a date after the time of filing of the plaintiff's notice of lien. The purpose of the motion and documents is to establish Stearns was an active general partner in the owner joint venture despite a sale agreement between his limited partnership and the owner (Ex. 7).

Upon the conclusion of plaintiff's case in chief, defendants moved as follows:

1.  To dismiss Phillip A. Stearns as an individual defendant.

2.  To dismiss the claim for relief based upon a mechanic's lien upon the grounds that:

a.  No proper notice of filing a lien was given.

b.  No notice was given to another lienor.

c.  No prelien notice was given.

## I.

■ Plaintiff had no subcontract for work and materials with Stearns as an individual. His subcontracts were with a corporate general contractor. There has been no evidence that would constitute a showing of disregard of the corporate entity and there is no showing of fraud. The mere fact that plaintiff thought Stearns was the owner of the project does not establish that Stearns may be made an individual defendant in a suit upon the subcontracts against the corporate contractor.

■ On the other hand, Stearns is a general partner of a limited partnership which is a joint venturer of the partnership owner. In such case he may be named as a party. General partners may be proper parties defendant in actions against a partnership entity. [*Diamond National Corp. v. Thunderbird Hotel, Inc.* (1969) 85 Nev. 271 at p. 274, 454 P.2d 13 at p. 15.] Judgment may be given in a case against one or more defendants according to their respective liabilities. [Fed.R.Civ.P. 20(a).] Stearns cannot be liable as an individual for corporate liability; he may be liable jointly with the general partnership owner, but execution against a partner must wait upon exhaustion of partnership assets. [*Diamond National Corp. v. Thunderbird Hotel, Inc., supra.*] The motion to dismiss Stearns as an individual party defendant is denied.

## II.

### A.

Defendants claim no proper notice of filing of the lien was given. Notice must be served upon the record owner in one of three ways: (a) by delivering a copy personally or (b) by leaving a copy with a person of suitable age at the owner's place of business, or (c) by posting at the property *and* also delivering a copy to a person there residing and sending a copy through the mail to the owner at the place the property is situated. [*NRS* 108.227(1).] Plaintiff chose posting and mailing.

Plaintiff's notice of lien gives "Mr. Phillip A. Stearns doing business as Stearns Corpo-

ration of Nevada" as the owner or reputed owner. The notice describes the property as the Silver State Condominiums at Sparks, Nevada. Mailing was to Stearns *individually* and Stearns Corporation of Nevada.

At all times Stearns individually was a general partner in Stearns Properties, a limited partnership, and Stearns Properties was a joint venturer in the owner Truckee Meadows Development Company, a general partnership.

The statute provides that no variance between the lien and proof shall defeat the lien except for fraud or prejudice. [*NRS* 108.229.] Certainly Stearns as general partner of the limited partnership which was a partner joint venturer in charge of the owner was not misled. No fraud is alleged. See *Peccole, et al. v. Luce & Goodfellow, Inc., et al.* (1949) 66 Nev. 360, 212 P.2d 718.

Plaintiff's receipts in evidence show certified mailings to Phillip A. Stearns (Ex. V). Also a mailing to Charles G. Schlegel. Mr. Schlegel was president of Valley Ranch Company, a corporation, which was a general partner of the limited partner Truckee Meadows Developers which was a partner joint venturer of the owner Truckee Meadows Development Company.

■■■ Service of the lien by mistake as to allegation of true owner is not fatal. And service upon the general partners of the joint venturer owners is sufficient. In *Fisher Bros., Inc., v. Harrah Realty* (1976) 92 Nev. 65, 545 P.2d 203, no notice was served at all. Here the notice was served upon the general partners in charge of the owner. The notice of lien is adequate.

### B.

■■■ The failure to serve one Draculich, who also had a lien, is not fatal. *NRS* 108.239(2) prescribes that notice shall be published for all persons who may claim liens. This was done (Ex. V). Service on such persons is also required. [*NRS* 108.-239(3).] Service was not made on Draculich; he has filed his own action.

Both Draculich and defendants have remedies to join and have not been prejudiced.

### C.

■■■ Defendants contend that plaintiff failed to give a prelien notice as required by *NRS* 108.2394(1) and that no lien may be perfected or enforced unless the notice has been given. [*NRS* 108.2394(3).]

Plaintiff contends that he was not required to give a prelien notice because he is a person who contracted "directly with the owner" and is thus excused. [*NRS* 108.-2394(5).]

■■■ The general rule is that absent a direct contract with the owner the failure to give a prelien notice is fatal. [*J. W. Copeland Yards v. Taranoff* (1964) 238 Or. 167, 392 P.2d 259.]

The mechanic's lien statutes are structured so as to provide the owner and those providing labor and material with concomitant rights and duties hinging upon notice.

Where there is *no* direct contract with the owner the latter may protect himself from liens by filing a notice of nonresponsibility within three days after he has knowledge of the construction. [*NRS* 108.234.] If the owner knows of the intended construction on his land by reason of the terms of a lease or option he may protect himself from liens of persons with whom he has no direct contract by filing a notice of nonresponsibility within three days of the execution of the lease or option. [*NRS* 108.-234(1)(2).]

If the owner fails to file a notice of nonresponsibility within the time provided in the law, *after knowledge of the construction*, the statute provides that the construction is at the instance of the owner. It is thus a "direct contract" and this is particularly true in cases involving landlord and tenant. [*M. Arthur Gensler, Jr. & Associates, Inc. v. Barrett, Inc.* (1972) 7 Cal.3d 695, 103 Cal.Rptr. 247, 499 P.2d 503; *Halspar, Inc. v. La Barthe* (1965) 238 Cal.App.2d 897, 48 Cal.Rptr. 293; *Scott, Blake & Wynne v. Summit Ridge Estates, Inc.* (1967) 251 Cal. App.2d 347, 59 Cal.Rptr. 587.] Generally,

the rule is based upon estoppel of the landlord to deny a direct contract where he has failed to file notice of nonresponsibility permitted him by statute. [*Gensler v. Barrett, supra.*]

The landlord–tenant cases do not apply where the owner has made a direct contract because in that event the owner has knowledge of the construction.

The purpose of the prelien statute is to put the owner on notice of work and materials furnished by *third persons* with whom he has no direct contract. Generally these are subcontractors and materialmen who deal with the general contractor on the construction. Such prelien notice protects the owner from hidden claims to future liens and gives him the opportunity to withhold payment from the general contractor (or surety on the contractor's bond) until he is certain that the general contractor has paid those who performed work or furnished material to the construction on his land. Persons who have a direct contract such as a general contractor are not required to give a prelien notice. [*NRS* 108.-2394(5).]

Phillip A. Stearns was president of Stearns Corporation of Nevada, the general contractor on the Silver State Condominium project on the owner's land.

Stearns was also general partner in Stearns Properties, a California limited partnership.

The owner of the land and the construction project was Truckee Meadows Development Company. This was a general partnership joint venture composed of Stearns Properties, a limited partnership with Phillip A. Stearns the general partner and Truckee Meadows Developers, a Nevada limited partnership. The general partner of the latter was Valley Ranch Company, a Nevada corporation.

As Stearns was president of the contractor and also a general partner in one of the two joint venturers as owner the issue is whether the owner had a direct contract with plaintiff.

Of course Stearns had knowledge of the construction in both capacities and also notice of all subcontracts and materialmen. In such case it would be a vain and useless act to give a prelien notice as the owner was already on notice and the plaintiff is not required to give notice that he may file a lien to an owner who knows of his subcontracts.

A case in point is *Burton Drywall, Inc. v. Kaufman*, 69 Mich.App. 85, 244 N.W.2d 367 (1976), reversed 402 Mich. 366 at 263 N.W.2d 249. The facts are stated in the Appeals Court decision. Westland Park Apartments was a partnership of Harry Kaufman, Ben Kaufman and Joseph Rickard. The partnership entered into an agreement with Ricco, Inc. to act as general contractor for an apartment project. The president and sole stockholder of the contractor Ricco, Inc. was Joseph Rickard.

Ricco, Inc. subcontracted with plaintiff to provide the drywall and labor to the construction project. No notice of intent to claim a lien (prelien) notice was given. Michigan requires a preliminary notice within 90 days after furnishing materials or labor.

It was argued in the Appeals Court that Rickard's knowledge as president of the contractor was binding on the partnership of which he was also a member and no prelien notice was required. This was rejected by the Appeals Court which held that there was no direct contract and notice was required as a condition to filing a lien.

The Supreme Court of Michigan reversed holding that the direct dealing exception was not "judicially created". The Court said that those who deal directly with the owner need not give notice; that such was inherent in the statute. The conclusion must be that dealing with Ricco, Inc. as contractor imputed notice to the partnership when the president of Ricco, Inc. was also a general partner of the owner and made a direct contract for the purpose of the prelien statute.

Hence, here, where one of the chief partners was also president of the contractor, there is a "direct contract" with the owner

and no prelien notice is required because the actual knowledge of both entities through a common principal person in both entities.

The motion to permit the filing of notices of completion as evidence on plaintiff's case in chief is granted.

The motion to dismiss the claim for relief from foreclosure of lien is denied.