OPINION OF THE COURT
Richard S. Lane, J.
After obtaining a default judgment against cotenants in this nonpayment proceeding, petitioner discovered that one of the respondents, W. Barton, had previously filed for bankruptcy. The proceeding against him was therefore subject to the automatic stay under section 362 of the Bankruptcy Act (11 USC § 362), and the judgment against him invalid. In an attempt to preserve the judgment against the other respondent, A. Vazquez, petitioner has now moved ex parte for an amended judgment against the latter only.
The first obstacle is section 1301 of the Bankruptcy Act (11 USC § 1301) which provides a stay in any action to collect a consumer debt from the bankrupt’s codebtor. Consumer debt is defined in 11 USC § 101 (7) as a “debt incurred by an *603 individual primarily for a personal, family, or household purpose” (see, CPLR 105 [f]; and General Obligations Law § 5-327, for similar definitions of consumer credit transaction and consumer contract). This definition, however, does not cover a lease which conveys an interest in real property and for which the Bankruptcy Act specially provides in 11 USC § 365.
The next obstacle is CPLR 1001. As a coobligor on the rent remised under the lease, the bankrupt is not a necessary party, but, as a coholder of the interest in the realty, the bankrupt is a necessary party. (See, Nathan v Zierler, 223 App Div 355 [3d Dept 1928].) The judgment herein sought is not only for a sum of money, but also carries with it the threat of eviction. How can you evict one of two cotenants under a lease without running afoul of CPLR 1001 (a)? Nor can joinder be excused under CPLR 1001 (b) since petitioner does have another effective remedy against the bankrupt’s coobligor — a plenary action for rent due. Indeed on motion on notice, this proceeding could be converted to such an action. Alternatively petitioner could perhaps move in the Bankruptcy Court to lift the stay or for other relief.
The motion to amend the judgment is denied, the judgment heretofore entered by me is rescinded, and the proceeding stayed sine die.